COLUMBUS BAR ASSOCIATION *v.* KOSTELAC.

[Cite as *Columbus Bar Assn. v. Kostelac* (1997), 80 Ohio St.3d 432.]

(No. 97–1276—Submitted August 26, 1997—Decided December 31, 1997.)

*Janice M. Bernard* and *Bruce A. Campbell,* for relator.

*Gregory M. Kostelac, pro se.*

***Per Curiam.*** DR 9–102 is clear. Subsections (B)(3) and (4) of the rule require a lawyer to maintain a complete accounting for all funds coming into his possession and promptly to deliver to a client funds which the client is entitled to receive.

This rule is designed to limit the prospect for, or temptation to, use client funds to the client's detriment. See *Toledo Bar Assn. v. McCreery* (1982), 69 Ohio St.2d 359, 23 O.O.3d 322, 432 N.E.2d 209. The rule not only protects clients, but motivates lawyers to avoid even the appearance of impropriety. Thus, we have held that even where the client suffers no harm, an attorney's commingling of his own funds with client funds or the attorney's use of client funds for operating expenses is subject to sanction. *Akron Bar Assn. v. Hughes* (1976), 46 Ohio St.2d 369, 75 O.O.2d 446, 348 N.E.2d 712; *Columbus Bar Assn. v. Thompson* (1982), 69 Ohio St.2d 667, 23 O.O.3d 541, 433 N.E.2d 602.

While we are concerned that at one time respondent used his client trust account as an operating account, relator did not charge respondent with a violation of DR 9–102(A) (funds of clients paid to a lawyer shall be deposited in an identifiable bank account in which no funds of the lawyer shall be deposited). Relator, however, did prove that respondent maintained the kind of accounting for his own and his clients' funds which we characterized in *Disciplinary Counsel v. Kick* (1986), 28 Ohio St.3d 91, 93, 28 OBR 187, 188, 502 N.E.2d 640, 642, as

"dismal." Relator also charged and proved that in the Kirk matter respondent did not promptly pay to his client the funds to which she was entitled.

We therefore accept the findings, conclusions, and recommendation of the board. The malefactions in *Disciplinary Counsel v. Kick* warranted suspension. We therefore suspend respondent from the practice of law for two years with eighteen months of the suspension stayed. After the six-month actual suspension, respondent shall be on probation for eighteen months under the supervision of relator. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.